IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER, | |
| Plaintiff, | CV F 07 1126 AWI WMW PC |
| vs. | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT |
| | (THIRTY DAY DEADLINE) |
| SHERIFF YOUNGBLOOD, et al., | |
| Defendants. | |

Plaintiff is a Kern County Jail inmate prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the Kern County Sheriff's Department at Lerdo Pretrial Detention Facility, brings this civil rights action against defendant correctional officials employed by the Kern County Sheriff's Department at Lerdo.

Plaintiff's  claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he is subjected to excessive force, and that he was denied adequate access to the law library.

As to the excessive force claim, Plaintiff alleges that on June 13, 2007, during a medical

visit, Deputy Parker "decided I wasn't moving fast enough." Parker allegedly shoved Plaintiff'w wheelchair, propelling him forward. Specifically, Parker "gave me a hard, continuous push." Though Plaintiff alleges that he hurt his back, neck, hands, he does not alleged any specific injury that he suffered.

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pre-trial detainees from the use of excessive force. Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting Graham v. Connor at 395 n.10).

In resolving a substantive due process claim, courts must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'" White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987) (overruled on other grounds)). In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. White at 1507. Here, the facts alleged indicate that the wheelchair was pushed hard. Plaintiff must allege some facts indicating that he suffered some injury.

As to Plaintiff's claim regarding law library access, because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.

1989). Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S.343 (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, supra, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court." Plaintiff has not alleged any facts indicating actual injury as that term is defined here.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:      July 14, 2008**           /s/  **William M. Wunderlich**
                                   UNITED STATES MAGISTRATE JUDGE