UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>                Plaintiff,<br><br>   v.<br><br>D. YOUNGBLOOD, et al.,<br><br>                Defendants.<br>_____/ | 1:07-CV-1126 AWI YNP<br><br>**ORDER GRANTING MOTIONS FOR RECONSIDERATION**<br>**(Documents #17 & #18)**<br><br>**ORDER DIRECTING CLERK OF COURT TO RE-OPEN THIS ACTION AND TO SEND PLAINTIFF A COPY OF THE COURT'S JULY 15, 2008 ORDER**<br>**(Document #11)**<br><br>**ORDER GRANTING PLAINTIFF UNTIL SEPTEMBER 14, 2009 IN WHICH TO FILE AN AMENDED COMPLAINT** |

**BACKGROUND**

Plaintiff Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to a United States Magistrate Judge pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

On July 15, 2008, the Magistrate Judge issued an order dismissing the complaint and directing Plaintiff to file an amended complaint within thirty days. In the July 15, 2008 order, the court informed Plaintiff of the deficiencies in his complaint. This order was served on Plaintiff at the address he had provided to the court, but it was returned as undeliverable because Plaintiff was not in custody. Plaintiff did not file an amended complaint. Thus, on October 7, 2008, the Magistrate Judge issued Findings and Recommendations that recommended this action be

dismissed for Plaintiff's failure to prosecute.  This order was also returned to the court as undeliverable.  On December 15, 2008, the court adopted the Findings and Recommendations and dismissed the complaint.

On December 17, 2008 and March 2, 2009 Plaintiff filed motions for reconsideration. Plaintiff contends that he never received a copy of the July 15, 2008 order telling him to file an amended complaint or the October 7, 2008 Findings and Recommendations.  Plaintiff complains that he was in custody during this time, he did comply with court rules, and the CDC did not forward his mail to him.

## DISCUSSION

The court has discretion to reconsider and vacate a prior order.  <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992). Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The court finds good cause to grant Plaintiff reconsideration and re-open this action. Plaintiff has provided evidence that he did not receive the court's July 15, 2008 order, which required him to file an amended complaint.  The case was ultimately dismissed because Plaintiff never complied with the July 15, 2008 order.  Because Plaintiff never received this order, the court will re-open this action and re-serve the July 15, 2008 order on Plaintiff.

//
//

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiff's motions for reconsideration are GRANTED;
2. The Clerk of the Court is DIRECTED to re-open this action
3. The Clerk of the court is DIRECTED to serve Plaintiff with a courtesy copy of the court's July 15, 2008 order (Document #11);
4. Plaintiff SHALL FILE an amended complaint in compliance with the July 15, 2008 order by September 14, 2009; and
5. This action is REFERRED to the Magistrate Judge for further screening.

IT IS SO ORDERED.

Dated:   **August 7, 2009**           /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE