IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY DEWITT HUNTER,

    Plaintiff,                            1:07 CV 01126 AWI YNP SMS (PC)

    vs.                                  FINDINGS AND RECOMMENDATION

SHERIFF YOUNGBLOOD, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the August 31, 2009, first amended complaint. Plaintiff, formerly in the custody of the Kern County Sheriff's Department at Lerdo Pretrial Detention Facility, brings this civil rights action against defendant correctional officials employed by the Kern County Sheriff's Department at Lerdo.

      The original complaint was dismissed for failure state a claim upon which relief could be granted, and a recommendation of dismissal was entered for Plaintiff's failure to do so. The case was ultimately dismissed. The case was reopened on the ground that Plaintiff provided evidence that he was not served with the original order dismissing the complaint. Plaintiff was granted a further opportunity to file a first amended complaint, which is now before the court.

      In the order dismissing the original complaint, the court noted the following. Plaintiff's claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges

1

that he is subjected to excessive force, and that he was denied adequate access to the law library.

As to the excessive force claim, Plaintiff alleges that on June 13, 2007, during a medical visit, Deputy Parker "decided I wasn't moving fast enough." Parker allegedly shoved Plaintiff's wheelchair, propelling him forward. Specifically, Parker "gave me a hard, continuous push." Though Plaintiff alleges that he hurt his back, neck, hands, he does not alleged any specific injury that he suffered.

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pre-trial detainees from the use of excessive force. Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting Graham v. Connor at 395 n.10).

In resolving a substantive due process claim, courts must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'" White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987) (overruled on other grounds)). In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. White at 1507. Here, the facts alleged indicate that the wheelchair was pushed hard. Plaintiff must allege some facts indicating that he suffered some injury.

As to Plaintiff's claim regarding law library access, because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core

requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey, supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court."  Plaintiff has not alleged any facts indicating actual injury as that term is defined here.

In the order dismissing the original complaint, the court found the allegations in plaintiff's complaint to be vague and conclusory.  The court determined that the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint was dismissed.

In the first amended complaint, Plaintiff restates generally the allegations of the original complaint.  The statement of claim in the first amended complaint consists of vague factual allegations interspersed with legal conclusions.  Plaintiff refers generally to his medical care and contends that his deficient medical care has been documented.   Plaintiff does not charge any defendant with conduct that constitutes excessive force as that term has been defined in the earlier order.

Plaintiff also refers to law library access, and claims that he should not have been

convicted of DUI, as he is diabetic. Plaintiff refers to research on diabetic consumption of alcohol. Plaintiff does not, however, refer to any specific challenge he has made regarding his criminal conviction. Plaintiff does not refer to any legal post judgment proceeding involving his underlying criminal action.

The court finds that the first amended complaint fails to correct the deficiencies identified in the original complaint. Specifically, Plaintiff has not charged the named defendants with conduct that constitutes excessive force or a denial of access to the courts. Because Plaintiff has not cured the deficiencies, the court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 27, 2010**            /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE