# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01126-AWI-SMS PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND COMPLAINT FORM AND COURTESY COPIES OF DOCUMENTS 11 AND 23, AND REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 27) |

**I.    Pending Recommendation for Dismissal**

Plaintiff Leroy Dewitt Hunter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 3, 2007.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 17, 2010, the Magistrate Judge issued findings and recommendations (f&r) to dismiss this action based on Plaintiff's failure to file a second amended complaint in compliance with the order filed May 4, 2010.  After re-service of the f&r at an updated address, Plaintiff filed a timely objection on August 9, 2010, in which he contends that following his transfer to North Kern State Prison from High Desert State Prison, he is without his ten boxes of property and cannot respond to court orders without the documents.  Plaintiff also claims he requested an order releasing his property, but the Court refused his request.

///

///

1

## II. Procedural Background

On July 15, 2008, the Magistrate Judge screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim. On December 15, 2008, after Plaintiff failed to comply with the order and failed to object to the subsequent recommendation that this action be dismissed, the case was dismissed.[1] Plaintiff filed two motions for reconsideration on the ground that he never received the order or the recommendation. On August 10, 2009, Plaintiff's motions were granted; this action was reopened; and Plaintiff was re-served with the screening order and directed to file an amended complaint in compliance with the screening order by September 14, 2009. Plaintiff filed a notice of change of address to High Desert State Prison on August 24, 2009, and an amended complaint on August 31, 2009.

On January 27, 2010, the Magistrate Judge screened Plaintiff's amended complaint and recommended dismissal of this action for failure to state a claim. Plaintiff objected on February 5, 2010. Based on the level of factual detail set forth in the objection regarding his legal claim, the Magistrate Judge vacated the recommendation on May 4, 2010, and granted Plaintiff an additional opportunity to amend on the basis that it appeared Plaintiff might be able to state a cognizable claim. The Magistrate Judge provided Plaintiff with detailed instructions regarding the federal pleading standard and directed Plaintiff to file a second amended complaint within thirty days curing the deficiencies identified in the January 27 recommendation.

On June 17, 2010, the f&r presently before the Court was issued following Plaintiff's failure to file a second amended complaint. As a courtesy, Plaintiff's address in this case was updated by the Clerk of the Court following receipt of a notice of change of address filed in case number 1:09-cv-01556-MJS on July 12, 2010, and the f&r was re-served on July 20, 2010.

## III. Discussion

Neither Plaintiff's original complaint nor Plaintiff's first amended complaint stated any claims upon which relief may be granted. The Magistrate Judge generously granted Plaintiff one

---

[1] The order and the recommendation to dismiss were returned by the postal service as undeliverable because Plaintiff was no longer housed at the jail. Plaintiff did not file a notice of change of address from the Kern County Jail to Corcoran State Prison until November 13, 2008, following service of both the order and the recommendation.

final opportunity to amend, and he failed to comply with or otherwise respond to that order. Although Plaintiff objects to the dismissal of this action on the ground that he is, or was, without his legal material following his transfer to North Kern State Prison, Plaintiff offers no specific explanation regarding his failure to amend or take other action between early May and early to mid-July, when it appears the transfer occurred.

While the Court finds Plaintiff's objections not particularly compelling, it will grant him one final, limited opportunity to amend. To comply with the order to file a second amended complaint, Plaintiff need only set forth his legal claims and the facts supporting those claims. Plaintiff does not need to conduct legal research and he is not required to make legal arguments or provide citations to legal authority. The Court will direct the Clerk's Office to provide Plaintiff with a complaint form and copies of the previous screening order and screening f&r. In addition, in the section that follows, the Court will again set forth the legal standards applicable to Plaintiff's claims. This combination of documents and information is more than adequate to allow Plaintiff to draft and file a second amended complaint, status of his legal property notwithstanding.[2]

## IV. Legal Standards

### A. Pleading Standard

In amending his complaint, Plaintiff shall take note of the following applicable standards. With respect to the specificity of his factual allegations, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis

---

[2] Plaintiff did not file a motion in this case requesting an order pertaining to his legal property, despite his assertion to the contrary. Regardless, the Court has no jurisdiction in this action to issue an order directing prison officials to return Plaintiff's legal property. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); also 18 U.S.C. § 3626(a)(1)(A).

3

added).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**B.     Excessive Force**

Plaintiff, a pretrial detainee at the relevant time, is attempting to pursue an excessive force claim arising out of an incident in which Kern County Sheriff's Deputy Parker shoved his wheelchair toward the wall, which caused Plaintiff injuries as he tried to slow or stop the chair with his hands.  The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force that amounts to punishment.  Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)) (quotations omitted).  Under the Fourth Amendment, which sets the applicable constitutional limitations for excessive force claims against pretrial detainees, Gibson, 290 F.3d at 1197, the issue is whether the defendant's actions were objectively reasonable in light of the facts and circumstances confronting him at the time, without regard to the underlying intent or motivation, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (quoting Graham, 490 U.S. at 397) (quotations omitted).

**C.     Denial of Access to the Courts**

Plaintiff is also attempting to pursue a claim for denial of access to the courts, arising out of his inability to obtain sufficient law library access to research the criminal case against him.  Plaintiff, who is currently serving his sentence following the conviction in that case, asserts that there would have been a different outcome in his criminal case if he had been able to spend more time researching.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).  The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To bring a claim, a plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis at 351; Phillips, 588 F.3d at 655.

///

Plaintiff's inability to research criminal law prior to or during the course of the proceedings against him does not give rise to a cognizable claim for relief. Lewis at 354. Further, now that Plaintiff is serving the sentence imposed following his criminal conviction, he may not pursue a civil rights claim which if successful would potentially bring his conviction or the length of his sentence into question. Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005). At this juncture, Plaintiff is limited to seeking relief via a petition for writ of habeas corpus.

### D.  Rule 18(a) Limitation

Finally, Plaintiff's excessive force claim and access claim do not appear to be related to one another. Plaintiff is cautioned that he may not proceed in this action on unrelated claims against different defendants. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

## V.  Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form and courtesy copies of documents 11 and 23;
2. Plaintiff shall file a second amended complaint within **thirty (30) days** from the date of service of this order; and

///
///
///

3. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted and for failure to obey a court order.

IT IS SO ORDERED.

Dated:   November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE