# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>        Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01126-AWI-SMS PC<br><br>ORDER STRIKING PROPOSED THIRD AMENDED COMPLAINT, AND REQUIRING PLAINTIFF TO EITHER FILE THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM<br><br>(Docs. 31 and 32)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Leroy Dewitt Hunter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 3, 2007. On November 15, 2010, the Court issued an order granting Plaintiff one final extension of time to file a second amended complaint. Plaintiff filed his second amended complaint on December 16, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.    Plaintiff's Second Amended Complaint

Plaintiff, who is currently incarcerated at Kern Valley State Prison, brings this action against Kern County Sheriff's Deputy Parker for violating Plaintiff's constitutional rights while he was detained at the Kern County Lerdo Pretrial Facility in Bakersfield, California. Plaintiff alleges that on June 13, 2007, Defendant Parker used excessive physical force against him and discriminated against him. Plaintiff seeks damages for the violation of his rights.

### A.    Excessive Force Claim

Plaintiff, presumably a pretrial detainee at the relevant time, alleges that Defendant Parker threatened Plaintiff and then pushed Plaintiff's wheelchair into a wall as hard as he could, causing Plaintiff injuries as he tried to slow or stop the chair with his hands and feet.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force that amounts to punishment. Gibson v. County of Washoe, Nev., 290 F.3d

1175, 1197 (9th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)) (quotations omitted).  Under the Fourth Amendment, which sets the applicable constitutional limitations for excessive force claims against pretrial detainees, Gibson, 290 F.3d at 1197, the issue is whether the defendant's actions were objectively reasonable in light of the facts and circumstances confronting him at the time, without regard to the underlying intent or motivation, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (quoting Graham, 490 U.S. at 397) (quotations omitted).

Because the inquiry is fact specific and requires the Court to balance the intrusion complained of with the government's interests, Lolli, 351 F.3d at 415-16, Plaintiff's allegation that force was used against him and he was injured as a result is sufficient at the pleading stage to state a claim against Defendant Parker, Fed. R. Civ. P. 8(a).

### C. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  An equal protection claim may be based upon a showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class, see e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or upon a showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff's conclusory allegation that Defendant Parker did not speak to other wheelchair-bound Caucasian or Mexican inmates the same way he spoke to Plaintiff is not sufficient to support a claim that Parker intentionally discriminated against him based on his race.  Iqbal, 129 S.Ct. at 1949-50.  Because Plaintiff has never been advised of the requirements for stating an equal protection claim, the Court is required to provide him with one opportunity to amend the claim.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is warned, however, that if he opts to amend, his third amended complaint may only set forth his excessive force and equal protection claims against Defendant Parker.  Any attempt ///

1  to add further claims or parties will result in an order striking the third amended complaint from the
2  record.

3  **III.    Proposed Third Amended Complaint Submitted December 28, 2010**

4  In the Court's November 15th order granting Plaintiff one final opportunity to file a second
5  amended complaint in compliance with an earlier order, Plaintiff was informed that he could not
6  proceed in this action on unrelated claims against different defendants. Fed. R. Civ. P. 18(a); George
7  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  That admonition was issued because Plaintiff was
8  attempting to pursue an excessive force claim against Defendant Parker and an unrelated claim for
9  denial of access to the courts against M. Brown, another Kern County Sheriff's Deputy.

10 In response to the order, Plaintiff filed a second amended complaint setting forth his
11 excessive force claim against Defendant Parker.  Approximately two weeks later, on December 28,
12 2010, Plaintiff submitted another amended complaint, which shall be referred to as the proposed
13 third amended complaint.  That complaint sets forth a claim against Deputy Brown arising out of
14 Plaintiff's placement in solitary confinement.  Based on a review of both complaints, the Court
15 concludes that Plaintiff is attempting to satisfy Rule 18(a) and the Court's order by separating his
16 claims into different complaints, with the proposed third amended complaint setting forth his
17 separate claim(s) against Deputy Brown.

18 Plaintiff misunderstood the Court's earlier admonition.  Plaintiff may not pursue his legal
19 claims against Deputy Brown in this action.  If Plaintiff wishes to have his proposed third amended
20 complaint considered, he must file a new complaint setting forth his claims against Deputy Brown.
21 That complaint should not contain this case number and its submission will result in the opening of
22 a new civil rights action. This action is proceeding on Plaintiff's claim(s) against Defendant Parker
23 only.  Therefore, Plaintiff's proposed third amended complaint shall be stricken from the record on
24 the ground that it was submitted in contravention of the Court's November 15th order.

25 **IV.    Conclusion and Order**

26 Plaintiff's second amended complaint states a claim for damages against Defendant Parker
27 for use of excessive force, but it fails to state an equal protection claim.  The Court will provide
28 Plaintiff with the opportunity to file a third amended complaint curing the deficiencies identified by

the Court in this order. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1448-49. Leave to amend is limited to the excessive force claim and the equal protection claim against Defendant Parker. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

If Plaintiff does not wish to file a third amended complaint and is agreeable to proceeding only against Defendant Parker on his excessive force claim, Plaintiff may so notify the Court in writing and his equal protection claim will be dismissed. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Parker.

If Plaintiff opts to amend, his third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's proposed third amended complaint, lodged on December 28, 2010, is stricken from the record;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a third amended complaint curing the deficiencies identified by the Court in this order, or

///

      b.      Notify the Court in writing that he does not wish to file a third amended complaint and is willing to proceed only against Defendant Parker on his excessive force claim;

4.      If Plaintiff files a third amended complaint that violates the restrictions of this order, it will be stricken from the record and additional sanctions may be imposed if deemed appropriate; and

5.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**     **January 13, 2011**                     /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE