# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:07-cv-01126-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT PARKER'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Doc. 72)<br><br>OBJECTION DEADLINE: FOURTEEN DAYS<br>RESPONSE DEADLINE: FOURTEEN DAYS |

## I. Procedural History

Plaintiff Leroy Dewitt Hunter, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 3, 2007. This action for damages is proceeding on Plaintiff's second amended complaint, filed on December 16, 2010, against Defendant Parker, a Kern County Sheriff's Deputy, for use of excessive physical force, in violation of the Due Process Clause of the Fourteenth Amendment.

On February 9, 2012, Defendant filed a motion for summary judgment. The Court subsequently appointed counsel to represent Plaintiff in light of his medical condition, a new scheduling order was issued, and Defendant withdrew his motion. Following the completion of discovery, Defendant filed another motion for summary judgment on September 19, 2013, and after an extension of time, Plaintiff filed a statement of non-opposition on November 18, 2013.

///

**II.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case.  *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendant meet his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012).

### III. Discussion

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees such as Plaintiff from the use of excessive force which amounts to punishment, *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865 (1989)), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (citing *Gibson*, 290 F.3d at 1198) (quotation marks omitted).  In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies. *Lolli*, 351 F.3d at 415.

In this case, Plaintiff alleges that Defendant Parker used excessive force against him on June 13, 2007, at the Kern County Lerdo Pretrial Facility in Bakersfield, California.

However, Defendant Jasen Parker moves for summary judgment on the ground that he did not work at the Lerdo Pretrial Facility on June 13, 2007.  (Doc. 72-3, Parker Dec., ¶2.)  Instead, Defendant was employed at the Inmate Reception Center in the downtown jail at the time of the event in question, a facility which is approximately five miles away; and Defendant attests he has not had any contact with Plaintiff at any time.  (*Id.*, ¶¶2, 3.)

In his statement of non-opposition, Plaintiff states that Deputy Jasen Parker is not the "Deputy Parker" named in the complaint.

The Court finds that Defendant Parker has met his burden as the party moving for summary judgment.  Plaintiff has not set forth any evidence raising a genuine issue of material fact regarding Defendant's presence at the Lerdo Pretrial Facility on June 13, 2007, or regarding Defendant's lack of contact with Plaintiff at any time.  Therefore, Defendant is entitled to summary judgment.

### IV. Recommendation

Based on the foregoing, the Court HEREY RECOMMENDS that Defendant Jasen Parker's motion for summary judgment, filed on September 19, 2013, be GRANTED, thus concluding this action in its entirety.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within **fourteen (14) days** from the date of service of the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 25, 2014**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE